```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

JOHN E. REARDON,

    Plaintiff,                      CIVIL NO. 15-244(NLH/JS)

    v.

                                   **MEMORANDUM OPINION & ORDER**

VINCENT SEGAL, et al.,

    Defendants.

Appearances:

JOHN E. REARDON
1 JOANS LANE
BERLIN, NJ 08009
    *Pro Se Plaintiff*

BRIAN P. WILSON
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW
25 MARKET STREET
P.O. BOX 116
TRENTON, NJ 08625
    *Attorney for Defendants*

**HILLMAN, District Judge**

    This matter having come before the Court on plaintiff's motion for default judgment [27]; and

    Plaintiff requesting the entry of default judgment against unspecified defendants on all his claims; but

    The Court noting that under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process: first, when a defendant has failed to plead or otherwise respond, a plaintiff must request the entry of default by the Clerk of the Court, Fed.

R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court,[1] Fed. R. Civ. P. 55(b); Sourcecorp Inc. v. Croney, 412 F. App'x 455, 458 (3d Cir. 2011); but

The Court finding that plaintiff has by-passed the first step of the process;

Therefore,

IT IS on this __18th__ day of __March__, 2016

ORDERED that plaintiff's motion for the entry of default judgment [27] be, the same hereby is, DENIED.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court also notes that if plaintiff obtains a Clerk's entry of default against defendants, and then refiles his current motion for default judgment, he must do more than demonstrate that defendants have failed to appear in the action. See Franklin v. National Maritime Union of America, (MEBA/NMU), Civ. No. 91-480, 1991 WL 131182, *1 (D.N.J. July 16, 1991) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 (1983)) (explaining that when considering an application for entry of a default judgment under Rule 55(b)(2), the Court is "required to exercise 'sound judicial discretion' in deciding whether the judgment should be entered [and] '[t]his element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)'"); Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (explaining that even though by virtue of defendant's default, every "well-plead allegation" of the complaint, except those relating to damages, are deemed admitted, a plaintiff must articulate the substantive legal basis for a finding in its favor).