UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

JOHN E. REARDON,

    Plaintiff,                          CIVIL NO. 15-244(NLH/JS)

    v.
                                         **MEMORANDUM OPINION & ORDER**
VINCENT SEGAL, et al.,

    Defendants.

**Appearances:**

JOHN E. REARDON
1 JOANS LANE
BERLIN, NJ 08009
    Appearing pro se

BRIAN P. WILSON
OKEANO NOEL ANSEL BELL
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW
25 MARKET STREET
P.O. BOX 116
TRENTON, NJ 08625
    On behalf of defendants

**HILLMAN, District Judge**

    This matter having come before the Court on plaintiff's motions "for an Order Setting Down a Trial Date as to Damages for this Lawsuit" [38] and "to Compel Clerk to enter Default and Default judgment and to compel answers and discovery" [43]; and

    With regard to motion [38], plaintiff arguing that because two of the defendants, "Klein and Segal," are in default by failing to respond to his lawsuit, they waive all of their

"objections and defenses," and the Court should "set down a date for trial as to damages" against these two defendants; and

With regard to motion [43], plaintiff arguing that defendants have waived their objections as to the sufficiency of service of process; and

The Court having considered both of plaintiff's motions, as well as all the other submissions plaintiff has filed in further support of his motions [44, 47, 48, 49, 50]; and

The Court finding that plaintiff's motions must be denied because plaintiff has not demonstrated that he has properly served any of the defendants, including "Klein and Segal," in accordance with Fed. R. Civ. P. 4(e)(1) (an individual may be served in a judicial district of the United States by following state law for serving a summons or by personal service) and N.J. Ct. R. 4:4-4(a)(1) (providing that service is proper when the summons and complaint are personally served on the defendant, and that a defendant is not required to serve a responsive pleading until he or she is properly served);[1] and

The Court further finding that judgment cannot be entered against any party, by way of default or trial, who has not been property served, see Grand Entm't Grp., Ltd. v. Star Media Sales,

---

[1] Plaintiff states that he sent the Summons and Complaint by "simultaneously mailing same, via certified and regular mail, to all defendants all of which were not returned." (Docket No. 43, at 3, ¶ 3).

Inc., 988 F.2d 476, 492 (3d Cir. 1993) ("A district court's power to assert *in personam* authority over [a defendant] is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4."); and

The Court further finding that defendants have not waived their right to challenge the sufficiency of service, cf., Grand Entm't Grp., 988 F.2d at 492 ("Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service."); McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998) ("[I]f a Rule 12 motion is made and the defendant omits its objection to the timeliness or effectiveness of service under Rule 12(b)(5), that objection is waived.").

Therefore,

IT IS on this   11th   day of    August   , 2016

ORDERED that plaintiff's motions "for an Order Setting Down a Trial Date as to Damages for this Lawsuit" [38], and "to Compel Clerk to enter Default and Default judgment and to compel answers and discovery" [43] be, the same hereby are, DENIED.

                                          s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

3