IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN E. REARDON,

    Plaintiff,

    v.

VINCENT SEGAL, et al.,

    Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
15-244 (JBS-JS)

**MEMORANDUM OPINION**

**SIMANDLE**, District Judge:

    In this matter, Plaintiff pro se John E. Reardon ("Plaintiff") generally alleges that certain judges, attorneys, and others violated his constitutional and statutory rights in connection with Plaintiff's divorce proceedings in the 1980s. On several occasions, Plaintiff has moved for Default, Default Judgment, and other various forms of relief. [See Docket Items 18, 21, 27, 43, 59, 66, and 74.] Each time, the Court held that Plaintiff was not entitled to Default, Default Judgment, or any other form of relief because he failed to serve the summons and Complaint on any of the defendants. [See Docket Items 23, 42, 51, 63, and 78.] Plaintiff has still not properly served any of the defendants, nor has he shown good cause for his failure to do so. Accordingly, and for the reasons discussed below, the Complaint will be dismissed pursuant to Federal Rule of Civil Procedure 4(m). The Court finds as follows:

1. On January 13, 2015, Plaintiff filed a Complaint against Defendants Vincent Segal, Richard Klein, Judge Page, Judge Miller, Judge Mennetti, and Dr. Hopkins (collectively, "Defendants"). [Docket Item 1.] Plaintiff subsequently filed with the Clerk of Court two documents, wherein he attached receipts of certified mailings to Defendants (except Dr. Hopkins) who all, according to Plaintiff's filings, resided in New Jersey. [See Docket Items 14 and 15.] Plaintiff then moved for Default and Default Judgment against Defendants. [See Docket Items 18, 21, 27, 43, 59, and 74.]

2. Each time he moved for Default or Default Judgment, Plaintiff argued, among other things, he had properly served all Defendants by certified mail, and he was, therefore, entitled to the entry of Default by the Clerk of Court and Default Judgment by the Court. But, as the Court explained [see, e.g., Docket Item 78], service by certified mail is **not** permitted in New Jersey unless a defendant "answers the complaint or otherwise appears in response thereto" within 60 days following mailed service, see N.J. Ct. R. 4:4-4(c), or "[i]f it appears by affidavit satisfying the requirements of R[ule] 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule," N.J. Ct. R. 4:4-4(b)(1); see also Fed. R. Civ. P. 4(e) (authorizing a plaintiff in federal court to use any means of service provided

by the law of the state in which service is to be affected). Moreover, to the extent Plaintiff personally served Defendants at their residence pursuant to N.J.R.C. 4:4-4(a)(1), then he failed to comply with N.J.S.A. 4:4-3, which requires that "[s]ummonses shall be served, together with a copy of the complaint, by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or **by any other competent adult not having a direct interest in the litigation**." (emphasis added). In other words, a plaintiff cannot personally serve the summons on a defendant in his own case.

3. On August 13, 2018, the Clerk of Court notified Plaintiff that the Complaint would be dismissed pursuant to Fed. R. Civ. P. 4(m) if he failed to establish that service of the summons and Complaint had been effected within 90 days of the filing of the Complaint or unless the Plaintiff otherwise showed good cause why this action should not be dismissed. [Docket Item 85.] The deadline for Mr. Reardon to respond to the Rule 4(m) Notice was September 4, 2018. [Id.] The following week, Plaintiff timely filed an "Affidavit," wherein he argued, inter alia, "[t]he court has no power, right, privilege, authority or right to deny the plaintiff of default and a trial date as to damages or to default judgment given this case has been willfully, intentionally, deliberately and knowingly default

3

judgment given the fact that this case is over 3 years old and for which the defendants are clearly in default for failure to timely plead or otherwise defend." [Docket Item 87 at ¶ 7.] Plaintiff further argues, "[t]he court's rulings, opinions and judgments have improperly ruled and implied in its orders that F. R. Civ. P. 4 trumps rules 12(a)(1)(A)(i), 12(b)(2)-(5) and 12(h) when it does no such thing and this court has deliberately, intentionally[,] willfully and knowingly so held contrary to the case law below." [Id. at ¶ 8.] Plaintiff did not file proof of service with the Clerk of Court or otherwise show good cause for his failure to timely and properly serve Defendants within 90 days of the filing of the Complaint.

4. Fed. R. Civ. P. 4(m) provides that the district court shall dismiss a complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 90 days after the filing. "A District Court must extend the time for service, however, where a plaintiff demonstrates good cause for the failure to timely serve the defendant." Maltezos v. Giannakouros, 522 F. App'x 106, 108 (3d Cir. 2013) (citing McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998)). "Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time." Maltezos, 522 F. App'x at 108 (citing Petrucelli v. Bohringer & Ratzinger,

GMBH, 46 F.3d 1298, 1305-06 (3d Cir. 1995). Prior to dismissing an action upon its own motion for failure to effect timely service, the district court must give notice to the plaintiff, Liu v. Oriental Buffet, 134 F. App'x 544, 546 (3d Cir. 2005), as has occurred here. Furthermore, the Court had previously instructed Mr. Reardon on how to make proper personal service of the summons and Complaint as required by the rules and the requirements of due process.

5. Here, 1,332 days have passed between the filing of the Complaint on January 13, 2015 and the date of this Memorandum Opinion. As noted above, the Court has explained to Plaintiff that service by certified mail is **not** permitted under federal or New Jersey law. Personal service is required by an adult other than Mr. Reardon. Rather than follow the Court's guidance and attempt to properly serve Defendants, Plaintiff instead renewed his requests for Default and Default Judgment based on the same erroneous arguments previously made and filed a motion for relief from the Court's prior Orders denying his requests for Default and Default Judgment.

6. On August 13, 2018, the Court provided due notice to Plaintiff that the Complaint would be dismissed unless he established that service was properly effectuated within 90 days of the filing of the Complaint or otherwise demonstrated good cause why the action should not be dismissed. [Docket Item 85.]

Plaintiff has still not properly served the Complaint on any Defendant, nor has he provided any explanation for his failure to do so, except that he disagrees with the Court's holdings that service by certified mail is not permitted under federal or New Jersey law in these circumstances. Accordingly, the Court finds Plaintiff has not demonstrated good cause for failure to timely serve Defendants and declines to exercise its discretion to provide him with a further extension of time.

7.  For these reasons, the Complaint will be dismissed pursuant to Fed. R. Civ. P. 4(m). The accompanying Order will be entered.


| | |
|---|---|
| **September 6, 2018** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |