```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN E. REARDON,<br><br>        Plaintiff,<br><br>    v.<br><br>VINCENT SEGAL, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>15-244 (JBS-JS)<br><br>**MEMORANDUM ORDER** |

In this case, Plaintiff John Reardon, pro se ("Plaintiff") generally alleges that certain judges, attorneys, and others violated his constitutional and statutory rights in connection with Plaintiff's divorce proceedings in the 1980s. [See generally Docket Item 1.] On September 6, 2018, the Court dismissed the Complaint for insufficient service of process pursuant to Fed. R. Civ. P. 4(m). [Docket Items 90 & 91.] Now pending before the Court is a motion by Plaintiff "to set aside [the] dismissal order and for Leave to re-serve defendants under Rule 60(b)." [Docket Item 96.] The Court finds as follows:

1. On January 13, 2015, Plaintiff filed a Complaint against various Defendants. [Docket Item 1.] For more than three years, Plaintiff repeatedly moved for default and default judgment against these Defendants [see, e.g., Docket Items 18, 21, 27, 43, 59 & 74], but each of his requests was denied because, as the Court explained to Plaintiff on each occasion, Plaintiff failed to

properly serve any of the Defendants in this case. [See, e.g., Docket Item 78.]

2. On August 13, 2018, the Court notified Plaintiff that the Complaint would be dismissed unless he established that service was properly effectuated within 90 days of the filing of the Complaint, as required by Fed. R. Civ. P. 4(m), or otherwise demonstrated good cause why the action should not be dismissed. [Docket Item 85.] For the reasons explained in a Memorandum Opinion dated September 6, 2018 [Docket Item 90], the Court found Plaintiff failed to demonstrate good cause for his failure to timely serve Defendants and declined to exercise its discretion to provide him with a further extension of time. Reardon v. Segal, 2018 WL 4265571 (D.N.J. Sep. 6, 2018). Accordingly, the Court dismissed the Complaint pursuant to Fed. R. Civ. P. 4(m) and ordered that the Clerk of Court close the case. [Docket Item 91.]

3. Plaintiff now asks this Court, pursuant to Rule 60(b), Fed. R. Civ. P., to set aside the Dismissal Order of September 6, 2018 and grant Plaintiff leave to re-serve the defendants. [Docket Item 96.] According to Plaintiff, "Judge Hillman[1] should have moved to notify this pro se plaintiff on or about November 27, 2015 that service had not been perfected and that the case would be dismissed

---

[1] This case and two others were originally assigned to the Honorable Noel L. Hillman, but each case was reassigned to the undersigned in February 2018.

without prejudice on said notice to Mr. Reardon." [Id. at ¶ 5.] Moreover, Plaintiff argues, "Judge Hillman did not carry out his duty to move this case along by either knowingly failing or refusing to move this case along properly and to therefore delay this case till the statute of limitations had run out and that he could then protect the defendants from said lawsuit and damages." [Id. at ¶ 6.] Plaintiff further argues, "Judge Hillman's failure to treat this pro se plaintiff with kid gloves, so to speak, has resulted in the prejudice to this pro se plaintiff in that he cannot re-file and re-serve this complaint as it is now time barred due to the inaction of the court." [Id. at ¶ 7.]

4. A Rule 60(b) motion is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). Rule 60(b) "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Moolenaar v. Gov. of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). "Rather, relief under Rule 60(b) is available only under such circumstances that the 'overriding interest in the finality and repose of judgments may properly be overcome.'" Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (quoting Martinez-McBean v. Gov. of the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977); see also Moolenaar, 822 F.2d at 1346 ("The remedy provided by

3

Rule 60(b) is 'extraordinary and special circumstances must justify granting relief under it.'") (internal citation omitted). "Rule 60(b) must be applied '[s]ubject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside, [and] . . . is not a substitute for appeal.'" Kock v. Gov. of the Virgin Islands, 811 F.2d 240, 246 (3d Cir. 1987) (internal citation omitted).

5. As noted above, Plaintiff essentially claims in his Rule 60(b) motion that it is Judge Hillman's fault that Plaintiff failed to properly serve any of the defendants in this case over a three-year period of time. Plaintiff is wrong. Notwithstanding Plaintiff's pro se status, he must still follow the Federal Rules of Civil Procedure, which require any plaintiff "to serve (in the absence of a waiver) both the complaint and a court-issued summons, which it is [the plaintiff's] duty to request from the District Court within [90] days of the filing of the complaint." Snyder v. United States, 404 F. App'x 695, 697 (3d Cir. 2010) (citing Fed. R. Civ. P. 4(a), (b), (c) & (m)). "If the plaintiff fails to do so within that time, Rule 4(m) requires the District Court to determine whether he or she has shown good cause for the failure." Id. (citing Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). Plaintiff failed to timely serve any of the Defendants or show good cause for his failure when given the opportunity to do so. For these reasons, and others, the Court dismissed the Complaint

4

for insufficient service of process pursuant to Fed. R. Civ. P. 4(m). In the pending motion, Plaintiff has not demonstrated anything remotely close to "extraordinary circumstances" that would justify setting aside the Court's Dismissal Order under Fed. R. Civ. P. 60(b).

6. Accordingly, and for good cause shown;

IT IS this 24th day of June, 2019

**ORDERED** that the Clerk of Court shall **REOPEN** the case upon the docket; and it is further

**ORDERED** that Plaintiff's motion "to set aside dismissal order and for Leave to re-serve defendants under Rule 60(b)." [Docket Item 96], shall be, and hereby is, **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the case upon the docket.

for JEROME B. SIMANDLE
U.S. District Judge